UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ANTHONY C. LOVE | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-46 |
| | ) | |
| SOUTHERN HEALTH PARTNERS, INC.; HAMBLEN COUNTY, TENNESSEE; HAMBLEN COUNTY EXECUTIVE; HAMBLEN COUNTY COMM'N; OTTO PURKEY, Sheriff; and RON INMAN, Chief Jailer | ) ) ) ) ) ) ) | |

## **MEMORANDUM and ORDER**

Anthony C. Love, a prisoner in the Hamblen County Jail in Morristown, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this assessment constitutes a financial obligation on the part of the plaintiff.

In his complaint, the plaintiff alleges that, when he entered the Hamblen County Jail, he was under the care of a physician for a gun shot wound to his leg; that, initially, he continued to see his doctor and receive the medications prescribed to treat his wound; that, on December 8, 2004, he was moved to a different area of the jail; that, since the move, his medications have been stopped, his crutches have been taken from him, and he has not been transported for his scheduled appointments with his doctor; and that, though he continues to be charged for visits to his physician, he had not received any medical care and now fears that he could lose his leg, which still has a bullet in it. The Court infers that the plaintiff is asserting claims for the violation of his Eighth Amendment right to medical care.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 ((Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000), against each defendant associated with his claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).[2]

---

[2] Even if the Southern Health Partners, Inc., or the municipal defendants could not be named in a grievance and if the claims against should be considered to have been exhausted, it makes no difference to the outcome of this case. This is so because the claims against the defendant Sheriff and Chief Jailer would still be unexhausted and because a complaint which contains both exhausted and

Exhaustion is mandatory and applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts, in paragraph II of his complaint, that the Hamblen County Jail has a grievance procedure; that he "filled out proper grievance forms;" and that he has not received any response.

The plaintiff, however, has not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. *See Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions that he "filled out proper grievance forms," there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the facts underlying his § 1983

---

unexhausted claims must be dismissed. *See Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

claims to the jail authorities. *See Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint.[3]

Accordingly, because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

    ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE

---

[3] A prisoner who makes detailed averments as to every claim raised in his complaint, specifically describing: 1) the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and 2) the outcome of those proceedings, exhausts his administrative remedies. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996-97 (6th Cir. 2004). This is so, regardless of whether he receives a response to his grievance. *Id.*